Ronald M. Horwitz, Esq., #005655
**JABURG & WILK, P.C.**
3200 North Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

Attorneys for Movant

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>GILBERT HERNANDEZ and<br>BERENICE HERNANDEZ fka<br>BERENICE OLMEDO QUEZADA<br><br>Debtors. | Chapter 13<br><br>**NO. 2-08-bk-17597-CGC**<br><br>**OBJECTION TO CONFIRMATION OF DEBTORS' CHAPTER 13 PLAN** |

COMES NOW, WACHOVIA DEALER SERVICES, INC. FKA WFS FINANCIAL, INC., ("WACHOVIA"), by and through its attorney undersigned, and hereby objects to the confirmation of the Debtors' Plan as currently proposed. WACHOVIA is the holder of a secured claim against the above named Debtors in the amount of $17,301.44, plus accruing interest, at the rate of 11.50%. Said sum is secured by a lien on a 2005 TOYOTA TACOMA-VIN #5TENX62N35Z080558 purchased by the Debtors from WACHOVIA's assignor on or about September 14, 2006. A copy of said Contract and Title showing WACHOVIA's liens are attached as Exhibits "A" and "B".

The Debtors filed this case on December 5, 2008, seven hundred ninety seven (797) days after purchasing the vehicle. Clearly, the debt was incurred for the purchase of a vehicle within the 910 day period preceding the date the case was filed. WACHOVIA is objecting to the Plan of the Debtors and is requesting that it not be confirmed because it fails to provide the Creditor the protection required under 11 U.S.C. §1325(a)(5) for the value of the vehicle. The Debtors' Plan

has a value of $15,595.00. However, it is WACHOVIA's position that pursuant to §1325(a)5, it is entitled to payment of the balance due on the contract, to wit: $17,301.44 plus interest.

Furthermore, the Plan does not provide for the payments to begin immediately in an amount that would protect WACHOVIA's collateral against depreciation. 11 U.S.C. §361 provides that adequate protection may be provided by:

> **"requiring the trustee (or debtor in possession) to make a cash payment or periodic cash payment to such entity, to the extent that the stay under §362 of this title, use, sale, or lease under §363 of this title or any grant of a lien under §364 of this title results in a decrease in the value of such entities interest in such property."**

The Debtors may argue that because this Creditor is being paid its value of the property in the Plan that it is adequately protected. However, in light of the fact that this property is depreciable, waiting several months does not offer adequate protection to Movant's interest in this property, especially if the Plan is not confirmed or if the Debtors do not make payments thereunder. Thus, to the extent that this vehicle depreciates in value, WACHOVIA is being deprived the Fifth Amendment protection of their property rights, and at this time for the Court to continue to wait to determine whether or not the Plan will be confirmed the first time around is totally inappropriate. As such, relief should issue in this matter for the immediate payment of adequate protection payments in the amount of $159.95, until confirmation of the Plan and until regular Plan payments begin in order to protect WACHOVIA's property against any further erosion of its value.

With respect to the release of its lien, WACHOVIA will not release its lien with respect to its vehicle until such time as the contract balance plus interest is paid in full.

Finally, said Plan assigns an interest rate of 6.5% as part of WACHOVIA's secured value. It is WACHOVIA's position that it is entitled to its Contract rate of 11.50% on the secured portion of the claim, or at the very least under the "prime plus" formula, 8.0% which is the current prime rate of 5.0% plus an upward adjustment of 3.00%, *Till vs. SCS Credit Corp., 541 U.S. 465 (2004).*

WHEREFORE, for the reasons stated above, it is respectfully requested that this Court order the Debtors to begin making immediate payments of $159.95 per month beginning with the

first payment made to the Trustee and that said payments are to continue through the Trustee until Confirmation of the Plan and regular Plan payments begin. In addition, it is also requested that in the event of dismissal or conversion of this case that the Trustee pay over to WACHOVIA the minimum sum of $159.95 from each payment received from the Debtors as adequate protection payments to the extent that those payments had not been previously made to WACHOVIA. It is also requested that Plan confirmation be denied unless the Debtors submit a Plan in which WACHOVIA's contract balance is reflected and the appropriate rate of interest is provided for.

RESPECTFULLY SUBMITTED this 15th day of January, 2009.

**JABURG & WILK, P.C.**

   s/ Ronald M. Horwitz
Ronald M. Horwitz
Attorneys for Movant

COPY of the foregoing mailed
this 15th day of January, 2009 to:

GILBERT HERNANDEZ
BERENICE HERNANDEZ
16740 W. Tether Trail
Surprise, AZ 85387

JOSEPH W. CHARLES
P.O. Box 1737
Glendale, AZ 85311-1737

RUSSELL BROWN
Suite 800
3838 N. Central Avenue
Phoenix, AZ 85012-1965

   s/ Jeanette Chavez