1  Russell Brown
   CHAPTER 13 TRUSTEE
2  Suite 800
   3838 North Central Avenue
3  Phoenix, Arizona 85067-3970
   602.277.8996
4  Fax 602.253.8346

5          IN THE UNITED STATES BANKRUPTCY COURT

6              FOR THE DISTRICT OF ARIZONA

7   In re                              | In Proceedings Under Chapter 13

8   GILBERT HERNANDEZ,                 | Case No. 2:08-BK-17597 CGC

9   and                                | **TRUSTEE'S RECOMMENDATION ON
                                        | SECOND AMENDED CHAPTER 13**
10  BERENICE HERNANDEZ,                 | **PLAN**

11

12                  Debtors.

13         The Trustee has reviewed the Plan, Schedules, and Statement of Financial Affairs.

14         Subject to the resolution of the following issues, the Plan will meet Code requirements and

15  the Trustee will recommend confirmation:

16         1.  First Franklin Financial Corp. and U.S. Bank have filed objections to the Plan.  The

17  attorney for the Debtors must notify the Trustee in writing if the objections are resolved or, if they

18  are unresolved, file the appropriate motions to get the Court to hold hearings on the objections.  *If

19  resolution of the objections changes Plan funding requirements, the Trustee requires receipt of an

20  amended Plan analysis with any proposed order confirming the Plan*.  If a motion is filed to get a

21  hearing before the Court, the time to submit a proposed Order confirming the Plan to the Trustee is

22  extended.

23         2.  The proof of claim filed by the Internal Revenue Service is not provided for by the Plan.

24  The Trustee has received no notification that the issue has been resolved and the Debtors must

25  resolve this discrepancy before the Trustee recommends confirmation of the Plan.  The Trustee

26  requires that: (a) the Debtors file an objection to the proof of claim; (b) notify the Trustee **in writing**

27  that the claim issue has been resolved and that the holder of the claim will sign the order confirming

28  plan; (c) notify the Trustee **in writing** that the proposed order confirming plan will pay the claim in

full pursuant to the proof of claim; or (d) timely file an amended Plan to provide for payment in part or full on the claim. If resolution of the claim changes Plan funding requirements, the Trustee requires receipt of an amended Plan analysis with any proposed Order confirming the Plan. If an objection to the proof of claim is timely filed by the Debtors, then the time to submit a proposed Order confirming the Plan to the Trustee is extended by 15 days after substantive completion of the objection.

3. The proof of claim filed by Key Equipment Finance for the 2004 Peterbilt and 2007 Utility Flatbed lists a debt balance of $30,139.45. The Trustee has considered the claim amount in his plan analysis.

4. The Trustee objects to the Form B22C as filed and requires the filing of an amended form. The Form B22C incorrectly includes business income on line 9(a.). Gross Income from the operation of a business should be listed on line 3(a.). The Trustee will disallow the deduction of business expenses on line 3(b.). Per the case, In re Wiegand, such expenses are to be deducted in Part IV. The Trustee recommends the deduction be taken on line 57.

5. The Statement of Financial Affairs, Item #18, must be amended to list the business information for Hernandez, Olmedo & Sons, LLC.

6. A self-employed Debtor is required to file monthly Business Operating Statements with the Court. Statements for December 2008 through June 2009 are past due and must be filed with the Court not later than August 17, 2009. The Debtor is reminded that this is a monthly filing requirement and therefore the Statement for July must be filed not later than August 17, 2009. Each BOS must be filed by the 15th day of each following month.

7. The Statement of Financial Affairs, Item #3(c.) discloses payments to family members within one year of filing of the bankruptcy case. The Trustee requires that the Debtors complete the attached Waivers of Statues of Limitation.

8. The Debtors must provide copies of their 2008 federal and state income tax returns (personal and business returns).

9. Any Order confirming the Plan must comply with the provisions of the Trustee's Memorandum dated March 19, 1998 (copy enclosed or previously submitted to counsel). The tax

years are 2009 and 2010. The time to submit a proposed Order to the Trustee is extended to 15 days after the conclusion of any objection to proof of claim or objection to confirmation.

10. **Plan payment status:** Debtors' interim payments of $1,750.00 are current through due date June 4, 2009. Payment in like amount is now past due for July, with an additional payment coming due August 4, 2009. Debtors' remittance in the total amount of $3,500.00 must be received in the Trustee's office not later than August 17, 2009.

Subsequent payments will be due on or before the 4th day of the month, starting September.

11. Other requirements:

(a) Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee.

(b) Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

(c) The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

(d) The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

SUMMARY

**Pursuant to Local Rule 2084-10, paragraph E.(2), the Debtors must provide the following by August 17, 2009 or the Trustee will lodge an order dismissing the case:**

(a) Items #1 through 11.

**The Court may dismiss the case without further notice for the Debtors' failure to timely comply with the Trustee's Recommendation.** If the Debtors meet all requirements of the Recommendation and this case remains active, Debtors' counsel must submit to the Trustee for review and signature, a proposed stipulated Order Confirming the Plan, signed by all objecting parties, which incorporates the requirements of this Recommendation, no later than August 17, 2009. The Trustee considers the time for reviewing a proposed Order pursuant to Rule 2084-13(c),

L.R.B.P., to begin running when all Recommendation conditions are met.

_____
Russell Brown
Chapter 13 Trustee

A copy of this document was
mailed on the date signed below to:

Gilbert and Berenice Hernandez
16740 W. Tether Trail
Surprise, AZ 85387
Debtors

Joseph W. Charles
P.O. Box 1737
Glendale, AZ 85311
Attorney for Debtors

_____
*jmorales@ch13bk.com*

- 4 -